19-97, 19-98

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand nineteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judge*,
> JEFFREY ALKER MEYER,
> > *District Judge*.[*]

---

IN RE: JONES,

> *Debtor*.

---

RUTH JONES,

> *Debtor-Appellant*,

v.                                                                  19-97,
                                                                    19-98

RICHARD M. COAN, TRUSTEE,

> *Appellee*.

---

[*] Judge Jeffrey Alker Meyer, of the United States District Court for the District of Connecticut, sitting by designation.

1

For Debtor-Appellant:    JOHN R. HARNESS, Law Office of John R. Harness, P.C., Stamford, CT.

For Appellee:    TIMOTHY D. MILTENBERGER, Coan, Lewendon, Gulliver & Miltenberger, LLC, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Bolden, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Debtor-Appellant Ruth Jones appeals from a judgment of the district court, which affirmed an order of the United States Bankruptcy Court for the District of Connecticut (Shiff, *J.*) denying Jones a discharge under 11 U.S.C. § 727(a)(6)(A). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On August 14, 2009, Jones filed a voluntary petition for relief under Chapter 11, and the bankruptcy court subsequently appointed Richard M. Coan as Chapter 11 Trustee. *In re Jones*, No. 09-51596-bk (Bankr. D. Conn.), ECF Nos. 631, 632. On April 23, 2013, the court converted the case to a Chapter 7 case, and Coan was retained as Chapter 7 Trustee. ECF Nos. 1016, 1032. Shortly thereafter, Coan filed a motion for turnover of $11,250 that Jones had failed to deposit in the estate bank account. ECF No. 1044. On June 4, 2013, the court entered an order directing Jones to pay Coan the money within 14 days. ECF No. 1057. Jones failed to comply, and on August 30, 2013, Coan initiated an adversary proceeding to deny Jones a discharge under 11 U.S.C.

2

§ 727(a)(2) and § 727(a)(6)(A). Adv. No. 13-05042, ECF No. 1. After holding a three-day trial, the bankruptcy court entered judgment for Coan, and the district court affirmed.[1]

On appeal, Jones argues that the bankruptcy court erred in finding that she willfully and intentionally failed to comply with the turnover order. She also argues that the court erred in denying her a discharge. We disagree with Jones on both fronts.

"Our review of a district court's order in its capacity as an appellate bankruptcy court is plenary." *In re Hyman*, 502 F.3d 61, 65 (2d Cir. 2007).[2] "The factual determinations and legal conclusions of the Bankruptcy Court are, therefore, reviewed independently by this Court." *Id.*

The bankruptcy court's factual findings are reviewed for clear error. *Id.* "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Wu Lin v. Lynch*, 813 F.3d 122, 126 (2d Cir. 2016) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Principal Nat'l Life Ins. Co. v. Coassin*, 884 F.3d 130, 138 (2d Cir. 2018) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985)).

The bankruptcy court's decision to deny a discharge is reviewed for abuse of discretion. *See In re Kokoszka*, 479 F.2d 990, 997 (2d Cir. 1973). "A . . . court abuses its discretion if it (1) bases its decision on an error of law or uses the wrong legal standard; (2) bases its decision on a clearly erroneous factual finding; or (3) reaches a conclusion that, though not necessarily the

---

[1] Although the bankruptcy court briefly stated that Coan had presented sufficient evidence to warrant relief under § 727(a)(2) as well as § 727(a)(6)(A), the court focused its analysis on Coan's § 727(a)(6)(A) claim, and neither Jones nor Coan discusses § 727(a)(2) on appeal.

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

3

product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions." *Klipsch Grp., Inc. v. ePRO E-Commerce Ltd.*, 880 F.3d 620, 627 (2d Cir. 2018) (quoting *EEOC v. KarenKim, Inc.*, 698 F.3d 92, 99–100 (2d Cir. 2012) (per curiam)).

Beginning with the bankruptcy court's factual findings, the record amply supports the view that Jones's failure to comply with the turnover order was willful and intentional. Jones does not dispute that she was aware of the order or that she failed to comply with it. Instead, she argues that her noncompliance resulted from "confusion" over whether a $7,500 check that she forwarded to Coan in August 2013 was property of the estate that could not be used to satisfy the turnover order. Jones contends that this confusion, taken together with her subsequent payment of $3,750 in February 2015, demonstrates that she intended to comply with the order.

We disagree for several reasons. First, with respect to the ownership of the $7,500 check, Jones has not established the existence of any "confusion." To the contrary, Jones repeatedly represented throughout her bankruptcy proceedings that the check was derived from a settlement of a dispute over a real estate commission that was property of the estate. More importantly, even if Jones genuinely believed that the check could be applied toward the satisfaction of the turnover order, she does not explain why she failed to forward it to Coan until August 2013, over two months after the deadline for compliance. Nor does Jones explain how her confusion regarding the check could have justified her failure to pay the "remaining" $3,750 until February 2015. Jones argues on appeal that the bankruptcy court erred by failing to mention this $3,750 payment (or a further, last-minute payment that Jones tried to tender on the eve of trial), but even on the most charitable interpretation of the facts, Jones failed to comply with the turnover order for over a year and a half after the deadline expired. Given this persistent and unexcused delay, there is substantial support for the bankruptcy court's finding that Jones's noncompliance was willful and intentional.

4

At a minimum, the bankruptcy court's conclusion reflects a "permissible view[] of the evidence." *Principal Nat'l Life Ins. Co.*, 884 F.3d at 138.

Moving to the bankruptcy court's decision to deny Jones a discharge, § 727(a)(6)(A) provides that "[t]he court shall grant the debtor a discharge, unless . . . the debtor has refused, in the case . . . to obey any lawful order of the court, other than an order to respond to a material question or to testify." A debtor's noncompliance, however, does not mandate the denial of a discharge. Instead, the court "must exercise [its] discretion whether or not to grant a discharge, even when an order has not been followed." *In re Kokoszka*, 479 F.2d at 997.

In exercising its discretion, the court must keep in mind that "§ 727 imposes an extreme penalty for wrongdoing," and "it must be construed strictly against those who object to the debtor's discharge and 'liberally in favor of the bankrupt.'" *In re Chalasani*, 92 F.3d 1300, 1310 (2d Cir. 1996) (quoting *In re Adlman*, 541 F.2d 999, 1003 (2d Cir. 1976)); *see In re Cacioli*, 463 F.3d 229, 234 (2d Cir. 2006) ("One of the central purposes of the Bankruptcy Code and the privilege of discharge is to allow the 'honest but unfortunate debtor' to begin a new life free from debt." (quoting *Grogan v. Garner*, 498 U.S. 279, 287 (1991))). Nevertheless, the requirement that § 727 be construed in favor of the bankrupt "is not to be read . . . as minimizing the seriousness of the debtor's offense in disobeying a lawful order . . . nor do we suggest that a blatant violation should be condoned." *In re Kokoszka*, 479 F.2d at 997. Before denying a discharge, then, the bankruptcy court "should weigh the detriment to the proceedings and the dignity of the court against the potential harm to the debtor if the discharge is denied." *Id.* at 997–98. In doing so, it "should consider such factors as the intent behind the bankrupt's acts—were they wilful or was there a justifiable excuse; was there injury to the creditors; and is there some way that the bankrupt could make amends for his conduct." *Id.* at 998.

On appeal, Jones argues that the bankruptcy court failed to give adequate weight to the harm she will suffer if she is denied a discharge. She notes that she listed nearly $14.7 million in liabilities in her bankruptcy petition, an amount far in excess of the $11,250 that she was ordered to turn over to Coan. Jones also contends that any injury to her creditors is minimal, particularly given that payment was ultimately tendered in full. And as noted above, Jones takes the position that her noncompliance with the turnover order was neither willful nor intentional.

We acknowledge that the denial of a discharge is a harsh punishment in the instant case, particularly given the relative modesty of the payments contemplated by the turnover order. We cannot conclude, however, that the bankruptcy court abused its discretion. As just noted, although § 727 should be construed in favor of the bankrupt, "a blatant violation should [not] be condoned," *id.* at 997, and the bankruptcy court permissibly concluded based on the record before it that Jones's violation of the turnover order was blatant.

We have already explained that the bankruptcy court did not err in finding that Jones's noncompliance was willful and intentional. Moreover, it bears reemphasizing that Jones's first purported attempt to comply with the order was late, incomplete, and made with funds that Jones had repeatedly represented were property of the estate. Although Jones subsequently tendered funds that were not property of the estate, she did not do so for another year and a half.

In addition, Jones attempted to excuse her noncompliance with ad hoc and implausible explanations. On the day that compliance with the turnover order was due, Jones represented to Coan that she did not have the money to comply with the order, even though she had recently received a check for over $400,000 and had invested that money in a real estate venture. In the same communication, Jones took the position that she did not owe any money to the estate, even though she had not objected to the turnover motion or entry of the turnover order. *See In re Jones*,

6

No. 09-51596-bk (Bankr. D. Conn.), ECF No. 1056 (audio of hearing on turnover motion). Such refusal to pay based on "private determinations of the law" is in direct conflict with "the basic proposition that all orders and judgments of courts must be complied with promptly," and it risks undermining "[t]he orderly and expeditious administration of justice by the courts." *Maness v. Meyers*, 419 U.S. 449, 458–59 (1975); *see United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[A]n order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings.").

Accordingly, while "the potential harm to the debtor" is great in the instant case, so too is "the detriment to the proceedings and the dignity of the court." *In re Kokoszka*, 479 F.2d at 997–98. Because we detect no legal or factual error in the bankruptcy court's denial of discharge, and because the court's ruling "can[] be located within the range of permissible decisions," *Klipsch Grp.*, 880 F.3d at 627, we hold that the bankruptcy court did not abuse its discretion.

We have considered all of Jones's contentions on appeal and have found in them no basis for reversal. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk